IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mark Witbeck, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Complaint |
| | ) |
| IES Holdings, Inc. and IES | ) (Jury Trial Demanded) |
| Commercial, Inc. d/b/a IES C&I, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, through his attorney, would respectfully show unto this Court as follows:

1. Plaintiff is a resident of South Carolina and, at all relevant times, was employed by Defendants in Greenville, South Carolina.

2. IES Holdings, Inc. ("Holdings") is foreign corporation with a principal place of business in a state other than South Carolina. IES Commercial, Inc. ("IES C&I") is a wholly owned subsidiary of IES Holdings. Holdings issues the policies for IES C&I employees and manages and commonly controls the human resource systems for dealing with leave (including Family and Medical Leave Act or "FMLA" leave) and discrimination issues. Defendants are a common/integrated employer.

3. Defendants employed Plaintiff as a project manager/estimator for approximately three years.

4. Defendants employ approximately 200 employees at the Greenville branch to which Plaintiff was assigned.

–1–

5. Defendants terminated Plaintiff's employment on or about June 21, 2019. Plaintiff's supervisor, Jack Rogers, told Plaintiff that the reduction was caused by economic reasons, lack of work, and absenteeism.

6. Plaintiff missed time for work as a result of one or more serious health conditions of his own, which qualified for protected leave under the FMLA. Defendants knew of the reasons for Plaintiff's absences and that they were qualifying events under the FMLA.

7. Defendants' decision-makers and human resources knew that Plaintiff's young children suffered from serious health conditions and disabilities that necessitated Plaintiff's absence for work.

8. Plaintiff's absenteeism was caused by his need to care for his children, and Plaintiff so informed Defendants.

9. Defendants did not provide Plaintiff a notice of rights and obligations under the FMLA associated with the absences required to care for Plaintiff's children.

10. This Court has jurisdiction because the claims alleged arise under federal law. 28 U.S.C. § 1331. Venue is appropriate because Plaintiff was employed within the Greenville Division.

**Count I
For A First Cause of Action
Family and Medical Leave Act
Retaliation**

11. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

12.     Defendants discharged and discriminated against Plaintiff for exercising his rights (personal and familial) under the FMLA in violation of 29 U.S.C. § 2615(a)(2).

13.     Defendants' actions have been willful.

14.     WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim for violations of the FMLA and that he be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, reinstatement, an award of lost wages and employment benefits, liquidated damages, equitable relief as the Court may deem appropriate, and all other and further relief as to the Court appears necessary and proper, including, but not limited to, liquidated damages, the costs of this action, attorney fees, and pre- and post-judgment interest.

### Count II
### For A Second Cause of Action
### Family and Medical Leave Act
### Interference

15.     Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

16.     Defendants' failure to advise Plaintiff of his rights under the FMLA constitutes unlawful interference, restraint and/or denial of the Plaintiff's rights under the FMLA.   29 U.S. Code § 2615(a)(1).

17.     To the extent Defendants seek to terminate Plaintiff for failing to provide adequate notice and information of his need for leave, Defendants' failure to provide him proper notices of obligations let to his termination in violation of the FMLA.

–3–

18. Defendants' interference has been prejudicial because, if Plaintiff had been advised of his rights and obligations, he could have ensured that his absenteeism was properly accounted for and not used in the decision to terminate his employment.

19. Further, had Defendants properly given notice, Plaintiff could have ensured that his time was all covered and protected and that, to the extent he exceeded any allotted time under the FMLA, that he did not do so if possible.

20. Defendants' actions have been willful.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim for violations of the FMLA and that he be granted all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, reinstatement, an award of lost wages and employment benefits, liquidated damages, equitable relief as the Court may deem appropriate, and all other and further relief as to the Court appears necessary and proper, including, but not limited to, liquidated damages, the costs of this action, attorney fees, and pre- and post-judgment interest.

### Count III
### For a Third Cause of Action
### Discrimination – ADA

21. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

22. Defendants discriminated against and terminated the employment of Plaintiff, who is a qualified individual on the basis of his relationship and/or association with disabled persons.   42 U.S. Code § 12112(b)(4).

23.   Defendants discriminated against Plaintiff intentionally and acted with malice and/or with reckless indifference to his rights.

24.   Prior to commencing this claim, Plaintiff filed a Charge of Discrimination with the EEOC, which issued a Notice of Right to Sue on March 20, 2020.

WHEREFORE, Plaintiff seeks a trial by jury on his claim of unlawful discrimination under the ADA, and entry of judgment and all other available legal and equitable relief, including actual damages to include lost wages, compensatory damages, punitive damages, attorney fees, costs, pre- and post-judgment interest.

### Count IV
### For a Fourth Cause of Action
### Age Discrimination

25.   Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

26.   Defendants hired a substantially younger employee to perform duties that Plaintiff performed, has performed, or was qualified to perform.

27.   Defendants then terminated Plaintiff while he was performing work in a satisfactory manner.

28.   Prior to commencing this action, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which issued a Notice of Right to Sue on March 20, 2020.

WHEREFORE, Plaintiff respectfully requests a trial by jury on his claim for age discrimination violation of the ADEA as well as entry of judgment in an amount to be determined at trial to include all actual damages, including lost pay and benefits,

liquidated damages, attorney fees and pre-judgment interest, and any other relief provided for under the ADEA.

Respectfully submitted this 26th day of March 2020.

s/ Brian P. Murphy_____<br>
Brian P. Murphy, Fed. I.D. No. 6405<br>
Attorney for Plaintiff.

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400
Fax:   (864) 240-9292

–6–